[Cite as *State v. Spencer*, 2016-Ohio-347.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| SCOTT SPENCER | : | | Case No. 15 CAA 05 0039 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Delaware County
Court of Common Pleas, Case No.
14-CR-I-08-0373

JUDGMENT:                              Affirmed

DATE OF JUDGMENT:                      January 29, 2016

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

CAROL HAMILTON O'BRIEN                 TODD A. WORKMAN
Delaware County Prosecutor             P.O. Box 687
                                       Delaware, Ohio 43015
BY: MARK C. SLEEPER
Assistant Prosecuting Attorney
140 North Sandusky Street
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}     Appellant Scott Spencer appeals a judgment of the Delaware County Common Pleas Court convicting him of two counts of unlawful sexual conduct with a minor (R.C. 2907.04(A)) and sentencing him to two years incarceration.  Appellee is the State of Ohio.

## STATEMENT OF FACTS AND CASE

{¶2}     On August 15, 2014, Chad Watkins was working as a park ranger at the Highbanks Metro Park.  While patrolling an area of the park that is closed to the public and reserved for private events, Watkins encounter appellant.  When asked if he was with a group that had reserved the area, appellant replied that he was not.  Watkins explained that the area was private.   Watkins was suspicious of appellant's behavior because appellant was sweating profusely, would not make eye contact, and was fidgety.

{¶3}     Watkins watched appellant as he walked away, and followed him to a playground.  Through a gap in the playground, Watkins saw an exposed woman's breast.  He discovered a person later identified as H.D. sitting on a bench wearing nothing but her underwear.  H.D. was blindfolded and gagged.  H.D. initially told Watkins she was 20 years old, but later admitted that she was only 14 years old.  She told Watkins that she met appellant online about two months ago.  Appellant told Watkins that H.D. was 20 years old and was his girlfriend.   Appellant said everything was "legit, she's not a prostitute." Tr. 237.

{¶4}     H.D. lived at home with her parents and siblings.  In the summer of 2014, she signed up for a profile on a fetish website called Fetlife.  Her profile indicated that she was 19 years old, and her role was "baby girl."  She posted naked pictures of herself on the website, and also gave her cell phone number to people she met on the site.  She joined a group on the website called "Central Ohio Daddy Dom/Little Girls/Baby Girls."

{¶5}    Appellant's profile on Fetlife indicated that he was 48 years old, when he was actually 57.  H.D. sent appellant a message, and he responded with a sexually explicit questionnaire.  They exchanged cell phone numbers and begin texting. They also communicated on Kik, a messaging app that allowed them to send messages and pictures to each other.

{¶6}    In mid-July, appellant met H.D. in person for the first time.  He picked her up at her parents' house and drove her to McDonald's to change clothes because her dad would "flip out" if she left the house wearing a sundress with no bra.  They drove to a park where they talked in the car.  After returning to McDonald's so H.D. could change clothes, appellant dropped her off in her neighborhood, rather than at her house, so she could walk home and tell her family she had gone for a walk.

{¶7}    H.D. and appellant met for the second time on August 15, 2014.  While appellant was on his way to pick her up, H.D. asked him to park away from the house because her father was home.   H.D. left the house and met appellant.   Appellant blindfolded her and drove around for awhile.  When the car stopped, appellant led her to a restroom, and gave her an enema.

{¶8}    After driving around a bit longer, appellant led H.D., who was still blindfolded, across a bridge to a playground bench in the Highbanks Metro Park. Appellant gagged H.D. While on the bench, he spanked her with his hand and with a spatula, and placed a vibrator in her vagina.  He then walked away, where he encountered Watkins.

{¶9}    The Delaware County Sheriff's Department was able to recover messages H.D. and appellant had exchanged on Fetlife, as well as text messages and Kik messages from both of their phones.

{¶10}   Appellant was indicted on two counts of unlawful sexual conduct with a minor.  Following jury trial, he was convicted as charged and sentenced to twenty-four

months incarceration on each count, to be served concurrently.

{¶11} Appellant assigns two errors on appeal:

{¶12} "I. THE TRIAL COURT/JURY ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING A GUILTY VERDICT TO THE OFFENSES OF UNLAWFUL SEXUAL CONDUCT WITH A MINOR AS THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTIONS.

{¶13} "II. THE TRIAL COURT/JURY ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING A GUILTY VERDICT TO THE OFFENSES OF UNLAWFUL SEXUAL CONDUCT WITH A MINOR AS THE VERDICTS ARE NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."

I., II.

{¶14} We address both assignments of error together, as the parties did in their briefs. Appellant argues that the judgment of conviction is not supported by sufficient evidence and is against the manifest weight of the evidence because he was not reckless as to the age of the victim.

{¶15} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St. 3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶16} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶17} Appellant was convicted of violating R.C. 2907.04(A):

{¶18} "No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶19} The mental state of "recklessly" is defined by R.C. 2901.22(C):

{¶20} "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist."

{¶21} Appellant argues that the victim initiated contact with him through an adult-only website, and informed him that she was 19 years old. Her stated age progressed with time, as she told him she had celebrated a birthday and was now 20 years old. He further argues that she told him she was a sophomore at the Ohio State University, and

had a driver's license. He argues that she told him she visited bondage nightclubs, and claimed to have lost her virginity at the age of 16 and first performed oral sex at the age of 17. He argues that she told him she had boyfriends in the past of the ages of 62, 40, and 27. Based on all of this information, he argues that he was not reckless with regard to her age.

{¶22} However, the evidence reflected that H.D. told appellant her parents would not allow her to take birth control pills, nor would they allow her to travel overnight with

him. She told him that she did not have sex toys because she was afraid parents might find them. H.D. never drove herself to meet appellant. When appellant first picked her up, she had to change clothes at McDonald's after being picked up and again before going home so her dad would not see what she was wearing. Appellant dropped her off in the neighborhood rather than at her house so that she could tell her family she just went for a walk. On the day of the incident, appellant received a message from H.D. to park away from the house because her father was at home. Appellant repeatedly referred to H.D. as "little girl" or "little one" in their messages. Further, upon receiving a picture of H.D.'s genitalia, his response was, "Such a sweet little girl pussy." Tr. 368, 518. When questioned at trial as to the ability of a young teenager to access information about bondage through the internet or books and movies such as *50 Shades of Gray*, appellant testified:

{¶23} "Q. You were aware at the time somebody could have become interested in bondage even though they were not older than a young teen?

{¶24} "A. True." Tr. 521.

{¶25} All of this evidence, if believed by the jury, was sufficient to support a finding that appellant disregarded a substantial and unjustifiable risk that H.D. was under the age of sixteen.

{¶26} Further, the judgment is not against the manifest weight of the evidence. In addition to all of the evidence cited above, the jury had the opportunity to see the victim when she testified and determine whether they believed he was reckless as to her actual age. The trial was held in April, 2015, approximately eight months after the incident. See *State v. Manns*, 10th Dist. Franklin No. 04AP-138, 2004-Ohio-5578, ¶ 23 ("Moreover, we also recognize that because the victim testified at trial, the jury had the opportunity to observe her appearance at the same age, 15 years old, as when the alleged sexual activity occurred.").

{¶27}  The first and second assignments of error are overruled.  The judgment of

the Delaware County Common Pleas Court is affirmed.  Costs are assessed to appellant.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.